UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

      Plaintiff,

v.

      Case No. 98-80504

      Honorable Patrick J. Duggan

FELIX SAAH,

      Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO EXPUNGE AND/OR VACATE HIS FELONY CONVICTION

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on March 8, 2007.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                  U.S. DISTRICT COURT JUDGE

On May 27, 1998, Defendant was indicted for marriage fraud, in violation of 8 U.S.C. § 1325, and false swearing in an immigration matter, in violation of 18 U.S.C. § 1546(a). Defendant pled guilty to the false swearing charge on September 29, 1998. On May 5, 1999, he was sentenced by this Court to 12 months probation and ordered to pay a fine of $5,000 and a special assessment of $50. Presently before this Court is Defendant's Motion to Expunge and/or Vacate his Felony Conviction, which was filed on November 28, 2006. Upon request by the Court, the Government responded to Defendant's Motion on January 16, 2007.

**I.      Background**[1]

After being sentenced, Defendant completed his probation and paid his fines. Since his conviction, Defendant has remarried and lives, with his wife and two children, in the State of New Jersey. He has not been convicted of any other crimes.

From 1998 to 2002, Defendant worked for American International Group ("AIG") as a systems consultant and project manager. Defendant was apparently recognized as an outstanding employee for AIG in a July 1999 publication. In 2001, Defendant received a Master's degree in information systems and a graduate certificate in project management from the Stevens Institute in Hoboken, New Jersey. Defendant earned a professional project management certification in 2002 from the Project Management Institute. From 2003 to 2005, Defendant worked as a project manager for Novo Nordisk.

Despite his education and employment history, Defendant maintains that he has been rejected by employers, and prevented from advancing in his employment, due to his felony conviction. In addition, Defendant asserts that, based on his felony conviction, he cannot become a lawful citizen of the United States.

**II.     Discussion**

The Sixth Circuit has recognized that "it is within the inherent equitable powers of a federal court to order the expungement of criminal records in an appropriate case." *United States v. Doe*, 556 F.2d 391, 393 (6th Cir. 1977)(emphasis added); *see also United States v. Robinson*, No. 94-1945, 1996 U.S. App. LEXIS 8245, at *3 (6th Cir. Mar. 8,

---

[1]The facts contained in this section were taken from Defendant's motion and the attached brief. (*See* Dft.'s Mot. & Br. at 2-3, 5-6).

1996).  Although the Sixth Circuit has not established a standard for determining what an "appropriate" case may be, it has stated:

> Other circuits recognizing an equitable power to expunge have generally held that the decision to exercise such power hinges on a balancing of "the government's need to maintain extensive records to aid in effective law enforcement against the harm to the individual of maintaining these records . . . ."  Acknowledging the strength of the government's interest in this context, however, these circuits have held that the expungement power is narrow and appropriately used only in extreme circumstances.

*Robinson*, 1996 U.S. App. LEXIS 8245, *4 (citations omitted).

Defendant sets forth three arguments in support of his motion.  The Court will deal with these arguments in turn.

First, Defendant argues that because his attorney failed to advise him of the adverse consequences a felony conviction would have on his ability to travel and "get other employment," he pled guilty.  (Dft.'s Aff. ¶¶ H.-I.).  Defendant contends that had he known of these adverse consequences at the time of his plea entry, he would not have pled guilty.  (*Id.*).  Defendant, however, does not provide any authority, case law or otherwise, supporting his assertion that his guilty plea, based on the alleged ineffective assistance of counsel, rises the to level of an "extreme circumstance" resulting in expungement.  Furthermore, this Court does not believe that the circumstances proffered by Defendant rise to the level of severity necessary to warrant expungement.

Second, Defendant contends that if he would have been convicted of a felony under Michigan law, he would qualify for expungement under Section 780.621 of the Michigan Compiled Laws.  According to Defendant, this Court is "bound to accept the procedures

3

of the State in which it sits;" therefore, it should expunge his conviction. (Dft.'s Mot. & Br. at 10-11). This Court disagrees. Defendant was convicted, based on his guilty plea, of a federal criminal offense – false swearing in an immigration matter, in violation of 18 U.S.C. § 1546(a). The Federal Rules of Criminal Procedure "govern the procedure in all criminal proceedings in the United States district courts . . . ." FED. R. CRIM. P. 1. Thus, this Court is bound by the Federal Rules of Criminal Procedure, rather than the procedural rules allegedly contained in a Michigan statute.

Finally, Defendant contends that he is entitled to relief under the All Writs Act, 28 U.S.C. § 1651. The All Writs Act provides, in pertinent part: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Defendant cites *United States v. Javanmard*, 767 F. Supp. 1109 (D. Kan. 1991) and *United States v. Bohr*, 406 F. Supp. 1218 (E.D. Wisc. 1976) in support of his argument that "other courts have found authority to grant petitions for expungement pursuant to the All Writs Act." (Dft.'s Br. at 12). However, as noted by the Third Circuit in *United States v. Rowlands*, 451 F.3d 173 (3d Cir. 2006), *Javanmard* and *Bohr* "have been superseded by appellate authority from the applicable courts of appeals." *Id.* at 179.

The Third Circuit in *Rowlands* observed that the Tenth Circuit rejected *Javanmard* in *United States v. Pinto*, 1 F.3d 1069 (10th Cir. 1993) when it held that "[w]hile we agree that the All Writs Act plays a part in enabling the court to issue the writs . . . necessary to accomplish actual expungement, we believe that the authority to consider the issue in the first place is not contained in the Act." *Pinto*, 1 F.3d at 1070 n.1; *see also*

4

*Rowlands,* 451 F.3d at 179.  In addition, the *Rowlands* court indicated that the Seventh Circuit in *United States v. Flowers*, 389 F.3d 737 (7th Cir. 2004) rejected *Bohr* when it held that impediments in finding employment are merely "adverse consequences which attend every arrest and conviction" and thus, are insufficient to warrant expungement. *Flowers*, 389 F.3d at 739; *see also Rowlands*, 451 F.3d at 179.  Based on the decisions in *Pinto* and *Flowers*, this Court, like the *Rowlands* court, believes that the cases relied on by Defendant are of questionable validity and declines to follow their reasoning.[2]

Accordingly,

**IT IS ORDERED**, that Defendant's Motion to Expunge and/or Vacate his Felony Conviction is **DENIED**.

                                                s/PATRICK J. DUGGAN
                                                UNITED STATES DISTRICT JUDGE

Copies to:
Jennifer M. Gorland, AUSA
Pamela Radzinski, Esq.

---

[2] Furthermore, even if the All Writs Act allowed this Court to expunge Defendant's conviction, this Court has already determined that the circumstances alleged by Defendant do not rise to the level of severity sufficient to justify expungement of his conviction.